# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUINYATTE J. HARRELL, #180524, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01089-JPG |
| ) | |
| DEREK MORGAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Quinyatte Harrell brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Wabash County Jail. Plaintiff claims that Sheriff Morgan denied him prescription blood pressure medication and medical care for ten days in June 2018. (*Id*. at p. 6). He seeks monetary relief. (*Id*. at p. 7).

The Complaint is subject to review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* Complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): When he was booked into Wabash County Jail on June 15, 2018, Plaintiff informed Sheriff Morgan that he suffered from high blood pressure and required Lisinopril (20 mg) to manage the condition. Sheriff Morgan instructed Plaintiff to have his family or friends bring his prescription medication to the

1

Jail. Plaintiff told the sheriff that he had no family or friends in the area, but the sheriff said there was nothing he could do. Plaintiff's blood pressure spiraled out of control during the next ten days. On July 25, 2018, he was rushed to Wabash General Hospital for emergency treatment. When he returned to the Jail, Sheriff Morgan immediately released him from detention. (*Id.*).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Sheriff Morgan for denying Plaintiff access to his prescription blood pressure medication at the Jail from June 15-25, 2018.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The Complaint articulates a colorable claim against Sheriff Morgan. The sheriff was aware that Plaintiff required prescription medication to manage his hypertension when he denied Plaintiff access to medication and medical care at the Jail from June 15-25, 2018. These facts satisfy the Fourteenth Amendment's objective unreasonableness standard that is applicable to medical claims brought by pretrial detainees.[1] *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (applying objective unreasonableness inquiry to Fourteenth Amendment medical claim of pretrial detainee's estate). Count 1 is subject to further review against Defendant Morgan.

---

[1] The allegations also satisfy the Eighth Amendment's deliberate indifference standard that is applicable to convicted persons. *See Ortiz v. City of Chicago*, 656 F.3d 523, 526, 533 (7th Cir. 2011) (hypertension sufficiently serious to support Eighth Amendment medical claim of convicted person); *McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016) (custodians not excused from ensuring adequate treatment for prisoners with chronic or degenerative conditions simply because resulting harms may remain latent or have not yet caused acute of life-threatening injuries). Because Plaintiff was a pretrial detainee when his claims arose, the Court has analyzed his claim under the less demanding Fourteenth Amendment standard.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 5) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). Plaintiff has not demonstrated sufficient efforts to locate counsel on his own. He sent letters to two attorneys and filed the instant motion before receiving a response. He also cited no impediments to self-representation that warrant the Court's intervention at this stage, given his high education level and clear ability to articulate his claim against the sheriff. Plaintiff may renew his request for counsel as the case proceeds by filing a new motion.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A, and **COUNT 1** will proceed against Defendant **DEREK MORGAN**.

Because this claim arises from the alleged denial of medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **MORGAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/2/2020**

                                                  s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.