#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **QUINYATTE J. HARRELL, #180524,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01089-JPG |
| | ) | |
| **DEREK MORGAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court are three Motions for Subpoena filed by Plaintiff Quinyatte Harrell on May 7, 2020. (Docs. 29, 30, and 31). Plaintiff seeks to subpoena (1) records of all discovery gathered in his Criminal Case No. 18-CF-67 from his public defender and the State's attorney, in order to prove the exact date and time of his arrest and booking in Wabash County Jail (Doc. 29); (2) AT&T's records of all incoming and outgoing phone calls and text messages involving a certain phone number from May 9, 2018 through July 8, 2018, to show that Plaintiff had access to his cellular phone during his detention at Wabash County Jail (Doc. 30); and (3) Grant County Sheriff's recordings of all telephone conversations made from Grant County Jail to a certain phone number from June 19-25, 2018, to prove that Plaintiff was in possession of his cellular phone during this time period (Doc. 31). Plaintiff's motions are **DENIED**.

Plaintiff seeks all of the above information because he intends to amend his complaint. However, Plaintiff does not need this evidence to prepare an Amended Complaint. Rule 11(b) of the Federal Rules of Civil Procedures requires that representations to the Court be made "to the best of the person's knowledge, information, and belief, formed after an inquiry [that is] reasonable

1

under the circumstances." FED. R. CIV. P. 11(b).  In other words, the allegations need only be based on Plaintiff's personal knowledge, information, or reasonable beliefs.

Although Plaintiff may need some of this information to survive summary judgment or for use at trial, he still has ample time to gather it through other means.  Pursuant to the Scheduling and Discovery Order, the deadline for completing all discovery is January 11, 2021.  (Doc. 16, pp. 2-5).  Prior to that deadline, Plaintiff may prepare written interrogatories, requests for production of documents, and requests for admissions to obtain this information from Grant County's Sheriff, who is a defendant in this action.  If he unable to obtain necessary and discoverable information another way, Plaintiff may renew his motion to subpoena it.

To date, Plaintiff has demonstrated no efforts to obtain this information through a proper discovery request before seeking to subpoena these records.  He has provided insufficient reasons for his request—seeking far more information than he states is necessary.  He also omits information that is critical to the Court's consideration of his request—including the name of the individual associated with the phone number he identifies.  Further, Plaintiff has still not demonstrated how this information is relevant to his case.

For the reasons set forth herein, Plaintiff's Motions for Subpoena (Docs. 29, 30, and 31) are **DENIED**.

**IT IS SO ORDERED.**
**DATED: May 12, 2020**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **United States District Judge**